LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

MIGUEL SANTIAGO,
*on behalf of himself,*
*FLSA Collective Plaintiffs*
*and the Class,*

        Plaintiffs,

v.

TEPACHE MEXICAN CORP., SONORA NYC LLC, MARTINEZ SOLTERO and JORGE A. SOLTERO,

        Defendants.

Case No:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

---

Plaintiff, MIGUEL SANTIAGO ("Plaintiff"), on behalf of himself and others similarly situated, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against TEPACHE MEXICAN CORP., and SONORA NYC LLC (the "Corporate Defendants"), MARTINEZ SOLTERO, and JORGE A. SOLTERO (the "Individual Defendants," and collectively with the Corporate Defendants, the "Defendants") and states as follows:

**1**

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to invalid tip credit, (2) illegally retained gratuities, (3) failure to provide valid notice of the tip credit allowance claimed, (4) liquidated damages, and (5) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), they and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to invalid tip credit, (3) illegally retained gratuities, (4) failure to provide valid notice of the tip credit allowance claimed, (5) statutory penalties, (6) liquidated damages, and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, MIGUEL SANTIAGO, for all relevant time periods, was a resident of Queens County, New York.

6. Defendants own and operate two Mexican food restaurants under the trade names of "TEPACHE" and "SONORA" located at:

(a) TEPACHE - 361 Halsey Street Brooklyn, New York, 11216;

      (b) SONORA - 174 Howard Avenue, Brooklyn, New York, 11233 (Collectively the "Restaurants").

7. The Restaurants are operated by Defendants as a single integrated enterprise. Specifically, they are engaged in related activities, share common ownership and have a common business purpose.

      (a) Individual Defendants, MARTINEZ SOLTERO and JORGE A SOLTERO, are the owner and manager of both of the Restaurants.

      (b) Both are Mexican Food Restaurants and supplies are frequently interchanged between the Restaurant locations.

      (c) Employees are interchangeable among the Restaurant locations, and in fact employees are frequently interchanged.

8. Corporate Defendant TEPACHE MEXICAN CORP. is a domestic business corporation organized under the laws of the State of New York with an address for service of process and a principal place of business located at 361 Halsey Street Brooklyn, New York, 11216. Defendants operate the Restaurants through Corporate Defendants.

9. Corporate Defendant SONORA NYC LLC is a domestic business corporation organized under the laws of the State of New York with an address for service of process and a principal place of business located at 174 Howard Avenue, Brooklyn, New York, 11233. Defendants operate the Restaurants through Corporate Defendants.

10. Individual Defendant JORGE A. SOLTERO is a principal and owner of the Corporate Defendants. Individual Defendant JORGE A. SOLTERO exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. Individual Defendant JORGE A. SOLTERO exercises the power to (and also delegates to

managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to Individual Defendant JORGE A. SOLTERO directly regarding any of the terms of their employment, and Individual Defendant JORGE A. SOLTERO would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. Individual Defendant JORGE A. SOLTERO exercised functional control over the business and financial operations of the Corporate Defendants. Individual Defendant JORGE A. SOLTERO had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees.

11.     Individual Defendant MARTINEZ SOLTERO is a principal and owner of the Corporate Defendants. Individual Defendant MARTINEZ SOLTERO exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. Individual Defendant MARTINEZ SOLTERO exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to Individual Defendant MARTINEZ SOLTERO directly regarding any of the terms of their employment, and Individual Defendant MARTINEZ SOLTERO would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. Individual Defendant MARTINEZ SOLTERO exercised functional control over the

business and financial operations of the Corporate Defendants. Individual Defendant MARTINEZ SOLTERO had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees.

12. At all relevant times, the Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

13. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

14. At all relevant times, Defendants employed at least eleven (11) employees as defined in the NYLL.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees (including waiters, bartenders, runners, bussers, cooks, line-cooks, chefs, dishwashers, and delivery persons, among others) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

16. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them proper compensation for all hours worked. A subclass of tipped employees employed as, among others, waiters, bartenders, and deliverymen also have a claim for illegally retained gratuities. The claims of Plaintiff, stated herein, is essentially the same as those of the other FLSA Collective Plaintiffs.

17. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

18. Plaintiff bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees (including waiters, bartenders, runners, bussers, cooks, line-cooks, chefs, dishwashers, and delivery persons, among others) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

19. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

20. The proposed Class is so numerous such that a joinder of all members is impracticable and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees comprised of amongst others, waiters, bartenders, and deliverymen. ("Tipped

Subclass") who also number more than forty (40). Plaintiff, MIGUEL SANTIAGO, is a member of both the Class and the Tipped Subclass.

21.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All Class members were subject to Defendants' corporate practices of (i) failing to pay proper compensation for all hours worked, (ii) failure to pay proper overtime (ii) illegally retaining gratuities, (iii) failing to provide wage statements per requirements of the NYLL and (iv) failing to properly provide wage notices to Class members, at date of hiring and annually, per requirements of the New York Labor Law.

22.     With regards to Plaintiff MIGUEL SANTIAGO and the Tipped Subclass, Defendants' also failed to pay them the proper minimum wage and proper overtime due to Defendants' policy and practice of claiming an invalid tip credit. Defendants were not permitted to claim a tip credit because Defendants (i) failed to properly provide tip credit notice at hiring and annually thereafter, (ii) failed to provide evidence that the employee received in tips at least the amount of the allowance claimed, (iii) claimed a tip credit in excess of the statutory amount possible, (iv) failed to provide valid notice of the allowance claimed, (v) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding twenty percent (20%) of the total hours worked each workweek, (vi) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period and (vii) failed to accurately keep track of daily tips earned and maintain records thereof. Plaintiffs and the Tipped Subclass suffered from Defendant's policy of illegal tip retention.

23.     Defendants' corporate-wide policies and practices affected all Class members, similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each

class member. Plaintiff and other Class members sustained similar losses, injuries and damage arising from the same unlawful policies, practices and procedures.

24.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

25.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided

by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

26. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

27. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    (a) Whether Defendants employed Plaintiffs and the Class members within the meaning of the New York law;

    (b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

    (c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class members for their work;

    (d) Whether Defendants properly notified Plaintiff and Class members of their regular hourly rate and overtime rate;

    (e) Whether Defendants paid Plaintiff and Class members the proper minimum wage under the New York Labor Law;

    (f) Whether Defendants provided proper notice to Plaintiff and the Tipped Subclass that Defendants were taking a tip credit;

(g) Whether Defendants provided proper wage statements informing Plaintiff and the Tipped Subclass of the amount of tip credit taken for each payment period and other information required to be provided on wage statements;

(h) Whether Defendants took the proper amount of tip credit allowance from Plaintiff and the Tipped Subclass members under the New York Labor Law;

(i) Whether Defendants required Plaintiff and the Tipped Subclass to perform non-tipped work for more than twenty percent (20%) of their workday;

(j) Whether Defendants kept daily records of tips earned by Plaintiffs and the Tipped Subclass;

(k) Whether Defendants improperly withheld tips from Plaintiffs and the Tipped Subclass by illegally retaining portions of tips earned by Plaintiffs the Tipped Subclass;

(l) Whether Defendants provided proper wage statements to Plaintiffs and Class members per requirements of the New York Labor Law; and

(m) Whether Defendants provided proper wage and hour notices to Plaintiffs and Class members, at date of hiring and annually, per requirements of the New York Labor Law.

## STATEMENT OF FACTS

28. On or around September 4, 2019, Plaintiff, MIGUEL SANTIAGO, began employment with Defendants as a delivery person for Defendants' Restaurant TEPACHE.

29. Throughout Plaintiff's employment by Defendants, from on or about September 4, 2019 through to December 12, 2019, Plaintiff MIGUEL SANTIAGO was scheduled to work from 5:00 p.m. to 1:00 a.m., every day of the week, for approximately fifty-six (56) hours per week.

30. Throughout Plaintiff's employment, Plaintiff's hourly wage was at a straight time rate of $8.00 per hour for all hours worked.

31. Additionally, throughout Plaintiff's employment Plaintiff was not provided his paystubs, and not paid a spread of hours premium.

32. Throughout Plaintiff's employment by Defendants as a delivery person, Plaintiff was required to engage in non-tipped activities such as acting as a dishwasher, cleaning the restaurant, accepting and unloading deliveries.

33. On or around December 12, 2019, Plaintiff's employment with Defendant ended.

34. Despite working until December 12, 2019, Defendants failed to compensate Plaintiff for his last week of work.

35. Plaintiff, FLSA Collective Plaintiffs and the Tipped Subclass were paid below the minimum wage at below even an invalid "tip credit" minimum wage. With respect to Plaintiff, FLSA Collective Plaintiffs and the Tipped Subclass, Defendants were not entitled to claim any tip credit allowance under the FLSA or NYLL because Defendants (i) failed to properly provide tip credit notice in violation of the FLSA; (ii) failed to inform them that the tip credit claimed by Defendants cannot exceed the amount of tips actually received by them in violation of the FLSA; (iii) failed to inform that tip credit will not apply unless they have been informed of the foregoing tip credit notice requirement in violation of the FLSA, (iv) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding twenty percent (20%) of the total hours worked each workweek in violation of the FLSA and NYLL, (v) illegally retained gratuities, (vi) failed to accurately track daily tips earned or maintain records thereof, (vii) failed to properly provide tip credit notice at hiring and annually thereafter in violation of the NYLL, and (viii) failed to provide a proper wage statement with every payment of

wages informing Plaintiff and other tipped employees of the amount of tip credit deducted for each payment period.

36. Plaintiff, a subclass of FLSA Collective Plaintiffs and the Tipped Subclass suffered from Defendants' wrongful claim of a tip credit in excess of statutory allowances.

37. Plaintiff, a subclass of FLSA Collective Plaintiffs and the Tipped Subclass suffered from Defendants' illegal retention of gratuities. Defendants implemented a policy at the Restaurant where Defendants collected and retained all tips and then re-distributed them. However, when Defendants distributed the tips to the Tipped Subclass were always short. As a result, Defendants illegally retained tips from Plaintiffs, a subclass of FLSA Collective Plaintiffs and the Tipped Subclass.

38. Plaintiff and the Tipped Subclass were also required to engage more than twenty percent (20%) of their working time in non-tipped related activities, including bartending and dishwashing. Even though Defendants required tipped employees to engage in non-tipped activities for hours exceeding twenty percent (20%) of the total hours worked each workweek, Defendants improperly claimed tip credit for <u>all</u> hours worked by tipped employees.

39. Defendants failed to provide Plaintiffs and the Class members with proper wage notices at hiring and annually thereafter. Plaintiffs did not receive proper wage notices either upon being hired or annually since the date of hiring in violation of the New York Labor Law.

40. Plaintiffs and Class members received wage statements that were not in compliance with the New York Labor Law. Defendants are required to provide itemized listings of deductions taken on a wage statement with every payment of wages. Defendants failed to satisfy the requirements under the NYLL because the wage statements did not clearly include tip credit allowance for each payment period. Plaintiffs and Class members also received fraudulent wage

statements that failed to accurately reflect the number of hours worked and their proper compensation, including tips illegally withheld from Plaintiffs and the Tipped Subclass.

41. Defendants knowingly and willfully operated their business with a policy of not paying the New York State minimum wage to Plaintiff, FLSA Collective Plaintiffs and Class members. Defendants were not entitled to claim any tip credits under the FLSA or NYLL.

42. Defendants knowingly and willfully operated their business with a policy of failing to pay Plaintiffs, FLSA Collective Plaintiffs and Class members for all hours worked.

43. Defendants knowingly and willfully operated their business with a policy of not providing employees proper wage statements as required under the New York Labor Law.

44. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiffs and Class members at the beginning of employment and annually thereafter, in violation of the NYLL.

45. Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

46. Plaintiffs reallege and reaver Paragraphs 1 through 43 of this Class and Collective Action Complaint as if fully set forth herein.

47. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the

FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

48. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

49. At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.00.

50. At all relevant times, Defendants had a policy and practice of illegally retaining gratuities.

51. At all relevant times, Defendants had a policy of paying below minimum wage.

52. At all relevant times, Defendants failed to provide for an overtime premium.

53. Plaintiffs are in possession of certain records concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiffs intend to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

54. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

55. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

56. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages,

damages representing disgorgement of illegally retained tips, and an equal amount as liquidated damages.

57. Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

58. Plaintiffs reallege and reaver Paragraphs 1 through 55 of this Class and Collective Action Complaint as if fully set forth herein.

59. At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

60. Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them proper wages in the lawful amount for hours worked. Defendants were not entitled to claim any tip credits.

61. Defendants willfully violated Plaintiffs' and the Class members' rights by illegally retaining gratuities.

62. Defendants willfully violated Plaintiff's and the Class members' rights by illegally paying below minimum wage.

63. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay an overtime premium.

64. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay a spread of hours premium.

65. Defendants knowingly and willfully operated their business with a policy of not providing wage notices and wage statements as required under the New York Labor Law.

66. Due to the Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants their unpaid wage due to an invalid tip credit, disgorgement of illegally retained tips, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs, and Class Members respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages due under the FLSA and the New York Labor Law, including those due to an invalid tip credit;

d. An award of unpaid wages due under the FLSA and the New York Labor law, including those due to payments made under minimum wage.

e. An award of unpaid wages due under the FLSA and the New York Labor law, including those due to failure of Defendant to pay overtime premium;

f. An award of unpaid wages due under the FLSA and the New York Labor law, due to Defendant's failure to pay spread of hours premium;

g. An award equal to the amount of the improperly retained tips withheld by Defendants;

    h. An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

    i. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to proper wages pursuant to 29 U.S.C. § 216;

    j. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages for all hours of work, pursuant to the New York Labor Law;

    k. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

    l. Designation of Plaintiff as Representatives of the FLSA Collective Plaintiffs;

    m. Designation of this action as a class action pursuant to F.R.C.P. 23;

    n. Designation of Plaintiff as Representatives of Class; and

    o. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: July 20, 2020

                    Respectfully submitted,

By: */s/ C.K. Lee*
C.K. Lee (CL 4086)

LEE LITIGATION GROUP, PLLC
C.K. Lee
Anne Seelig
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*